**Richard Eugene CHAMPION, Plaintiff–Appellant,**

v.

**MURPHY, Dentist, Defendant–Appellee.**

No. 09–55651.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2010.*

Filed Aug. 27, 2010.

Richard Eugene Champion, San Luis Obispo, CA, pro se.

Heidi Teresa Salerno, Esquire, Deputy Assistant Attorney General, California Department of Justice, Los Angeles, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

MEMORANDUM **

Richard Eugene Champion, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violation of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on the deliberate indifference claim because Champion failed to raise a triable issue as to whether defendant was deliberately indifferent to Champion's dental needs. *See id.* at 1057 (explaining that a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to an inmate's health and safety); *Franklin v. Or., State Welfare Div.,* 662 F.2d 1337, 1344 (9th Cir.1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

The district court properly granted summary judgment on the race discrimination claim because Champion failed to raise a triable issue as to whether defendant acted with discriminatory intent. *See Washington v. Davis,* 426 U.S. 229, 238–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (explaining that a plaintiff must show discriminatory intent to establish an equal protection claim); *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 922 (9th Cir.2001) (explaining that conclusory statements unsupported by facts are insufficient to defeat a motion for summary judgment).

The district court properly granted summary judgment on the retaliation claim because Champion failed to raise a triable issue as to whether defendant engaged in any adverse action because of Champion's prison grievances or complaints to the Prison Law Office. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (listing elements of a retaliation claim).

* The panel unanimously concludes this case is suitable for decision without oral argument.

To the extent Champion raises additional claims on appeal, we do not consider them because they were not adequately raised in the district court. *See Baldwin v. Trailer Inns, Inc.,* 266 F.3d 1104, 1111 n. 2 (9th Cir.2001).

Champion's remaining contentions are unpersuasive.

**AFFIRMED.**